[No. 13088.   Department One.   March 24, 1916.]

W. B. SMITH, *Appellant*, v. OLIVE R. GREENMAN *et al.*,
*Respondents.*[1]

MORTGAGES—ASSIGNEE—BONA FIDE PURCHASER — FRAUD — NOTICE. Where one purchased a mortgage and agreed to pay only on condition that the mortgage "shall be a first and valid lien" upon the property, and paid for the same after notice of suit to cancel the mortgage for fraud, he does so at his peril and is not an innocent purchaser for value.

Appeal from a judgment of the superior court for Yakima county, Grady, J., entered January 29, 1915, upon findings in favor of the defendants, in an action to foreclose a mortgage, tried to the court.   Affirmed.

*McCain, Vinton & Burdett, McAulay & Meigs,* and *H. J. Snively,* for appellant.

*Magill, McKenney & Brush* and *John C. Jenkins,* for respondents.

BAUSMAN, J.—Action to foreclose a mortgage which plaintiff agreed to buy of one Barnard on the 3d of March, 1914, and which he paid for and received on the 10th.   The day before that payment, the makers served the original payee in a suit filed without *lis pendens* where the lands were situated,

[1]Reported in 156 Pac. 1.

to cancel the note and mortgage on the ground of fraud. Of this suit plaintiff claimed to have no knowledge, but the lower court, with good reason, found that he did have actual knowledge before making the payment, and as his promise to buy these securities was not unconditional, but only on condition that the mortgage "shall be a first and valid lien upon the premises hereinbefore described," we are not called upon to decide whether he is an innocent purchaser by relation and whether notice came too late. It came in time to excuse him from payment. As for the suit for cancellation, it was successful, so it is presumed to have been well founded from the start. Completing his payment under this situation, plaintiff proceeded at his peril.

It is not necessary to review the evidence of notice, as we are satisfied that, from certain peculiar circumstances, from the preponderance of witnesses, and out of the mouth of plaintiff himself, the court was abundantly justified in fixing notice upon plaintiff before the payment.

Judgment affirmed.

MORRIS, C. J., MOUNT, and ELLIS, JJ., concur.